## SAMUEL H. SWAYNE V. CHARLES A. HILL.

FILED FEBRUARY 9, 1900. No. 9,153.

Statute of Frauds: PROMISE TO PAY DEBT OF THIRD PARTY: INDE-
PENDENT CONTRACT: NEW CONSIDERATION. Where a promise to pay the debt of a third party is a new and independent contract founded on a new consideration of benefit to the promisor, or injury to the promisee, it is not within the statute of frauds, and need not be in writing.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Affirmed.*

F. I. Foss, for plaintiff in error, argued that how far one partner could bind the firm by a guaranty obliging the firm to pay, if some other person did not, had been much disputed. The later cases, however, decided that unless it could be shown that the giving of guaranties was necessary for carrying on the business of the firm in the ordinary way, one of the members would be held to have

no implied authority to bind the firm by them; for, generally speaking, it was not usual for persons in business to make themselves answerable for the conduct of other people. See *Sweetser v. French*, 2 Cush. [Mass.], 309; *Bank v. Bowen*, 7 Wend., 158; *Boyd v. Clum*, 7 Wend., 309; *Marsh v. Thompsonville Nat. Bank*, 2 Brad. [Ill.], 217; *Avery v. Rowell*, 59 Wis., 82; *Osborne v. Thompson*, 28 N. W. Rep., 260; *Moynahan v. Hanaford*, 42 Mich., 329.

Where a father made a parol promise to a child to convey to him or to her a tract of land if the latter would move on to the same, erect a house thereon and break up and cultivate the land, all of which was done in reliance upon the promise, equity would enforce the agreement. See *Ford v. Steele*, 31 Nebr., 521.

Counsel further cited *Dawson v. McFaddin*, 22 Nebr., 131; *Neale v. Neales*, 9 Wall., 1; *Fairfield v. Barber*, 16 N. W. Rep., 230.

The promise must be to answer for the debt, default or miscarriage of another. If the effect of the promise was to put an end to the obligation of the other, obviously the statute did not apply. Such a promise was collateral to nothing. It was an independent obligation not within the statute. It was equally obvious that a promise to answer for one's own debt was not within the statute. See 8 Am. & Eng. Ency. Law, 677; *Darst v. Bates*, 95 Ill., 493; *Cott v. Roat*, 17 Mass., 229; *Palmer v. Witcherly*, 15 Nebr., 98; *De Witt v. Root*, 18 Nebr., 567; *Smart v. Smart*, 97 N. Y., 559.

There was no legal presumption of an interest which any person had in any firm, no matter if his name did appear in the firm. It was simply a fact which had to be proven the same as any other fact.

*E. S. Abbott, contra.*

Sullivan, J.

An execution, issued on a judgment in favor of Charles A. Hill and against R. M. Mallory, was either levied, **or**

about to be levied, on the partnership property of Swayne & Mallory. To prevent the seizure of firm property, or else to secure the release of a levy already made, and also to avoid the institution, by Hill, of a suit in equity to determine the extent of Mallory's interest in the firm assets, Swayne orally agreed to pay the amount due on the execution. All further proceedings to enforce the judgment were then abandoned. Swayne afterwards bought Mallory's interest in the firm business, and thereby obtained the exclusive possession and ownership of the property against which the execution had been directed. He declined, however, to perform his contract with Hill, who thereupon brought this action to compel performance. The jury found in favor of the plaintiff, and judgment was rendered on the verdict.

Defendant insists that there was no consideration for his agreement to pay Hill's judgment, and that the agreement was, therefore, void. This argument is based on the hypothesis that there was no levy of the execution upon the property of the partnership. The evidence upon this point is conflicting; but it is sufficient to justify the conclusion that a valid levy was made. The alleged return of the constable on the back of the writ is without evidential value. The obvious truth in regard to this matter is that he made no official return. The certificate which he signed was canceled by his consent, and the substituted one never received either his signature or approval. But the validity of Swayne's promise to pay the judgment was not entirely dependent upon the effectiveness of the levy which the constable made, or attempted to make. The mere forbearance of the plaintiff to proceed under the execution, and the abandonment of his purpose to bring an equitable action against the partners, constituted a valuable and sufficient consideration for the defendant's promise. See *Bellows v. Sowles*, 55 Vt., 391; *Sanford v. Huxford*, 32 Mich., 313; *Packer v. Benton*, 35 Conn., 343; *Conradt v. Sullivan*, 45 Ind., 180; *Townsend v. Long*, 77 Pa. St., 143; *Muller v. Riviere*, 59 Tex., 640.

It is further contended that the promise of the defend-ant was a promise to answer for the debt of another, and that it was, and is, void under section 8 of the statute of frauds. We think the promise to pay the judgment was clearly a new and independent contract founded on a new consideration of benefit to the promisor, and injury to the promisee. The question is settled in this state by the following decisions: *Clopper v. Poland*, 12 Nebr., 69; *Fitzgerald v. Morrissey*, 14 Nebr., 198; *Clay v. Tyson*, 19 Nebr., 530; *Joseph v. Smith*, 39 Nebr., 259; *Rogers v. Emp-kie Hardware Co.*, 24 Nebr., 653; *Mathews v. Seaver*, 34 Nebr., 592; In *Fitzgerald v. Morrissey, supra*, it is said: "Where the leading purpose of a person who agrees to pay the debt of another is to gain some advantage, or promote some interest or purpose of his own, and not to become a mere guarantor or surety of another's debt, and the promise is made on a sufficient consideration, it will be valid although not in writing."

There is no error in the instructions; the verdict is supported by sufficient evidence; the judgment is right, and is

AFFIRMED.