DORSETT, Respondent, v. BLACK HILLS TRACTION COMPANY, Appellant.

(138 N. W. 808.)

1.  **Pleadings—Sufficiency of Complaint—Water Right—Specific Performance—Supervision of Equity—Forfeiture.**

    A contract alleged that plaintiff deeded to defendant a strip of land in consideration that defendant would construct a canal and build and operate a trolley line thereon within three years, that in case of completion of the canal and failure to build the railroad defendant would give permanently to plaintiff from the canal 125 miner's inches of the water free of cost, for use on his farm, that plaintiff did deed to defendant said strip, which deed contained said provisions concerning furnishing of water, that defendant constructed the canal and uses same for generating light and power, but failed to construct the railway, that more than three years have elapsed, etc., that defendant has refused, on demand, to furnish any part of said water, that defendant recorded the deed and ever since has been and is in exclusive possession, use and enjoyment of the strip and is conveying more than 5000 miner's inches of water through the canal; and praying for specific performance and for quieting title in plaintiff, etc. **Held,** said complaint stated a definite contract which should be specifically enforced, and was also good against objection that said contract requires continuous exercise of duties, personal services, skill and judgment and constant supervision by a court of equity; and that the contract does not involve a forfeiture.

2.  **Easement—Perpetual Water Right—Specific Performance.**

    A contract whereby plaintiff deeded to defendant a strip of land in consideration that defendant would construct a canal and build and operate a trolley line, that in case of failure to build such line defendant would give permanently to plaintiff from the canal 125 miner's inches of water free of cost for use on his farm, gave plaintiff a perpetual easement which is suffi-

ciently described to be specifically enforced; defendant having completed the canal, but failed to construct the railway.

**3.    Specific Performance—Oral Contract—Part Performance.**

Under an oral contract to build a canal and give a specified amount of water as consideration for a deed to a strip of land across plaintiff's farm, a delivery of the deed, the construction of the canal and change of possession to defendant, and the conveyance of water therein was such part performance as to justify specific performance of the contract to furnish water.

**4.    Corporations—Ultra Vires—Contracts—Estoppel.**

Where an incorporated traction company agreed to furnish plaintiff water from a canal perpetually as consideration for a deed to a strip of land on which it constructed a canal to convey water to its power plant, it is estopped from setting up, as a defense to an action to compel it to furnish the water, that the contract was ultra vires.

(Opinion filed Dec. 3, 1912.    Rehearing denied Jan. 6, 1913.)

Appeal from Circuit Court, Lawrence County.    Hon. WILLIAM G. RICE, Judge.

Action by David M. Dorsett against the Black Hills Traction Company, for specific performance of a contract to furnish water to plaintiff from a canal constructed on land conveyed to it by plaintiff.    From a judgment in favor of plaintiff, defendant appeals.    Affirmed.

*Stewart & Hodgson,* and *Martin & Mason,* for Appellant.

The first proposition to be discussed is the uncertainty of this contract in respect to its duration.

No duration of time is fixed by the contracting parties. Soloman v. Wilmington, 55 S. E. 302 (N. C.); South Dakota Civil Code, Sec. 2344, paragraph 6.

The terms of the agreement herein are not sufficiently certain as to the duration of time during which this water shall be furnished to respondent.    Notwithstanding the court's mandate and interpolation that the contract calls for "permanent" service, we submit that its terms do not indicate whether the service is to be for one minute; for a vague time known as a reasonable time; for the corporate life of appellant or permanently or forever ad infinitum.    Thoemke v. Fielder, 64 N. W. 1030 (Wis.); Mc-Millan v. Wright, 105 Pac. 176 (Wash.).

Indefinite, vague and uncertain contracts are not entitled to be specifically performed according to the decisions of the Supreme

Court of this state. If any of the material terms are uncertain this extraordinary relief must be withheld. Meyer Co. v. Pecor, 101 N. W. 40, 18 S. D. 466; Johnson v. Plotner, 15 S. D. 158, 87 N. W. 926, and cases cited; Chambers v. Roseland, 21 S. D. 298, 112 N. W. 149.

Another element of uncertainty urged in support of appellant's demurrer to the second amended complaint was the uncertainty and indefiniteness of the contract with respect to the place where and the manner in · which said water should be taken from the canal. It can not be ascertained from the contract whether the water shall be furnished at a point convenient and safe for appellant but impracticable for respondent or from a point inconvenient and dangerous for appellant but convenient, suitable and practicable for respondent.

Appellant. calls attention of the court to the difference between the contract in the case of · Redwater Land & Canal Co. v. Jones, (S. D.) 130 N. W. 85, and in the case at bar. In the Jones case the contract to Spaulding, the predecessor in interest of Jones, provided that Spaulding should have (1) "The right and use forever of sufficient water to irrigate his farm, situate in the county of Butte." (2) "Said water to be taken from the ditch running through the said described land and constructed under the location made by said parties of the first part."

The trial court has added to and thus made, the contract for the parties, in respect to three material and substantial terms: First. It has added a material term to the contract and thereby rendered certain the contract as to the omitted and material terms, respecting its duration by decreeing the performance of the acts "permanently." Second. It has added to the contract the use for which the water was to be furnished, by decreeing the water is for irrigation purposes. Third. It has fixed a manner of diversion and added a material term as to the place of diversion, not in the contract, for which there was no legal justification. ·

We also submit that by sustaining the demurrer to appellant's fifth defense, it was unable at the trial to meet a point suggested in the Jones case, to-wit: That the exercise of the right to divert said water at any place suitable to respondent would be injurious to appellant. In view of the language of the court in the Jones case, this defense of appellant's with proper testimony thereunder,

might have, and we feel would have, convinced the court that the exercise of the right to tap the canal was attended with the gravest danger and injury to appellant and its consequent public duties.    Thereby, the question now presented would have been considered in a manner, which the Jones case suggests, might defeat the right to take the water from the ditch.    Shumway v. Kitzban, 134 N. W. 328 (S. D.).

Appellant also submits that the contract, in the case at bar, does not establish a clear and mutual understanding, on the part of the respective parties (1) as to duration of the service under the contract; (2) as to the use of the water; (3) as to the place of diversion and manner thereof.    The canal not being constructed, only surveyed, at the time of making the contract, no such understanding did exist nor could exist, in the minds of the parties. Tested by the rule of this court in Phelan y. Neary, 117 N. W. 114, 22 S. D. 265, specific performance must be denied of the contract sued on herein.

The contract herein involves continuous and perpetual services.

This question was raised by appellant upon its demurrer to the second amended complaint, which demurrer was overruled by the court. (Ante ff. 129-131).    It is embraced in appellant's first specification of error and will be discussed thereunder. (Trans. p. 238, Ante ff. 320-321).    Tested by this rule of equity the complaint was clearly insufficient and no relief should have been afforded plaintiff thereunder.    Thiebaud v. Union Furniture Co., 42 N. E. 741 (Ind.); Kidd v. McGinniss, 48 N. W. 221 (N. D.); Blanchard v. Railroad Co., 31 Mich. 43; Cosewell v. Gibbs, 33 Mich. 331; Texas & Pac. R. R. Co. v. City of Marshall, 136 U. S. 395, 10 Supt. Ct. 846, 34 L. Ed. 385 (U. S.); Ruthland Marble Co. v. Ripley, 77 U. S., 10 Wall. 339, 358; Rose v. Union P. R. Co., 1 Woolw. 26; Port Clinton R. Co. v. Cleveland & T. R. Co., 13 Ohio St. 544; South Wales R. Co. v. Wythes, 5 D. G. M. & G. 880; Powell Duffryn S. C. Co. v. Taff Vale R. Co. L. R., 9 Ch. App. 331; Sims v. Vanmeter Lumber Co., 51 So. 459; Green v. Baylerty R. R. Co., 123 N. W. 4 (Mich.). ·

The damages should have been ascertained and compensated by a money judgment.    3 Pom. Eq. Jur. Sec. 1405, and numerous

cases in the notes; McCarter v. Armstrong, 10 S. E. 956 (S. C.).

It is a general rule that equity will not enforce the specific performance of a contract where compensation in damages will constitute adequate relief. Bispham's Prin. of Equity, Sec. 364; Richmond v. D. & S. C. R. Co., 33 Iowa, 422; Robinson v. Luther, 109 N. W. 775 (Ia.).

Equity will not decree specific performance of a contract where the performance must be continuous for an indeterminate term and the decree will not end the controversy, but make it necessary to retain the bill and supervise the performance indefinitely. Sewerage Board v. Howard, 175 Fed. 555 (C. C. A.); Pomeroy, Eq. Jurs. Vol. 4, Sec. 1492, note 6 and Section 1405, note 10, and cases cited; Marble Co. v. Ripley, 10 Wall. 339, 19 L. Ed. 955.

Where the acts required by the contract to be done are continuous, lasting over a considerable period of time, especially if they involve the exercise of skill and judgment, it will not be specifically enforced in equity. 36 Cyc. 580 and 584; Yazoo & M. V. R. Co. v. Payne, 46 So. 405 (Miss.); Pacific Electric Ry. Co. v. Campbell, 94 Pac. 623 (Cal.); Wood on Railroads, Vol. 1, Sec. 210, p. 708; Pomeroy on Specific Performance of Contracts, Sec. 312; Peterson v. McDonald, 110 Pac. 465 (Cal.); Roquemore and Hall v. Mitchell Bros., 52 So. 423 (Ala.) and cases cited; Electric Co. v. Mobile Co., 19 So. 721 (Ala.); Brown v. Boston & Me. R. R. 76 A. 692; Carrico v. Stevenson, 135 S. W. 260; La Hague v. Watts, 179 Fed. 690 (C. C. A.) Section 2344, Civil Code of South Dakota.

Equity will not enforce forfeitures.

The forfeiture imposed is in the alternative. No provision is made for any cause which may excuse the attaching of the forfeiture. If within three years the trolley line is not built to Redwater river, the premises are to be reconveyed or in case of completion of the canal, the forfeiture of one hundred twenty-five miner's inches of water from the canal of appellant is to be exacted from it. The contract cannot be specifically enforced in equity without establishing the precedent that courts of equity can and do enforce forfeitures.. Pomeroy's Jurisprudence, Vol. 1, Sec. 459; Oil Creek R. R. v. Atlantic R. R. Co., 57 Pa. St. 65; Pomeroy Eq. Jurs., Vol. 1, Sec. 436.

The water in the canal of appellant was controlled and owned by it. It was and is real property. Weil Western Water Rights, 2nd Ed., p. 126, Sec. 65, also pages 322, 324. The appellant had an estate in the water in its canal. It could be divested of this property by prescriptive right, abandonment or grant; not by forfeiture, to respondent upon a condition subsequent.

It is to be borne in mind that the estate of appellant in this water was not deraigned through respondent. · Its source was elsewhere. The loss or divesture of appellant's estate therein or in any part of the same was dependent upon a condition subsequent to the acquisition of the estate in the water by appellant. Donnelly v. Eastes, 69 N. W. 159 (Wis.).

The compensation should have been made in money to the respondent for the right of way. This the court should have ascertained and compelled the respondent to take it, and thus relieved against the forfeiture. Donelly v. Eastes, 69 N. W. 159 (Wis.); Mills v. ·Evansville, 9 N. W. 925 (Wis.); Sease v. Cleveland, 42 S. W. 1086 (Mo.).

That the condition in the case at bar is a condition subsequent cannot be denied. Birmingham v. Lesan, 1 Atl. 151 (Me.).

"And while equity will, under well-recognized circumstances relieve a party from a forfeiture, a court of equity does not lend its aid to divest an estate for a breach of a condition subsequent, and thereby enforce a forfeiture. · 4 Kent, 131; Story, Eq. Sec. 1319; Smith v. Jewett, 40 N. H. 534."

This estate was acquired before the condition could become operative. The condition annexed was a condition of appellant's retention of its estate. Therefore, it could not be considered a condition precedent. It was in every case a condition subsequent and no forfeiture could be enforced upon its happening. 4 Kent 131, Story Eq., Sec. 1319; Smith v. Jewett, 40 N. H. 534; Birmingham v. Lesan, 1 Atl. 152 (Me.); Mills v. Evansville, 9 N. W. 925 (Wis.).

"Neither penalties, forfeitures nor re-entries for conditions broken are favored in equity" Willard, Eq. Jur. 56; 2 Story, Eq. Jur., Sec. 1319; Lawe v. Hyde, 39 Wis. 345; 2 Story, Eq. Jur., Sec. 1319; 1 Pom. Eq. Jur., Sec. 459; Bisp. Eq., Sec. 181; Beach, Mod. Eq. Jur., Sec. 1013; Pom. Eq. Jur., Sec. 460; Livingston v. Tompkins. 4 Johns. Ch. 415; Horsburg v. Baker, 1 Pet.

232; Marshall v. Vicksburg, 15 Wall. 146; Craig v. Hukill, 16 S. E. 363-364 (W. Va.); Kellar v. Lewis, 53 Cal. 118; McCormick v. Rossi, 15 Pac. 35 (Cal.); 2 Story, Eq. Jur., Sec. 1319, and cases cited; Henry v. Mayer, 53 Pac. 597 (Ariz.).

Here the property is water from the canal which is to be forfeited because of the failure to build the trolley line. The cases cited in support of appellant's contention are numerous. Those carefully digested and pertinent are found in Pomeroy, Eq. Jur., Vol. 1, (3d. Ed.), Sec. 459, note a. p. 765; Peachy v. Duke of Somerset, 1 Strange, 447; Sloman v. Walter, 4 Brown, Ch. 418; Sec. 2335, Civil Code of South Dakota.

This contract was an act ultra vires of the corporation and therefore void.

Corporations like natural persons, are bound only by the acts and contracts of their agents done and made within the scope of the corporate authority. The foregoing statement is not intended as a definite statement of the diverging views of the courts upon the matter of ultra vires, but solely as a suggestion of the three ways of approaching the subject. Frequently the same decision would be reached whichever way the matter is regarded. For example there is no conflict of decision in the instance where the contract is still wholly executory on both sides. Screven Hose Co. v. Philpot, 53 Ga. 625; Coppin v. Greenlees, etc., Co., 38 Oh. St. 275; Northwestern Union Packet Co. v. Shaw, 37 Wis. 655; Nassau Bank v. Jones, 95 N. Y. 115; McNulta v. Corn Belt Bank, 164 Ill. 427-451; 45 N. E. 954.

Nor will an ultra vires contract when fully executed on both sides be upset by the courts. Like ordinary illegal contracts, ultra vires contracts will be treated as valid when performed by both parties. Long v. Georgia Pac. Ry. Co. (Ala.) 8 So. 706; Hough v. Cook County Land Co., 73 Ill. 23; Railway Co. v. Iron Co., 46 Oh. St. 44, 18 N. E. 486; Barrow v. Nashville Turnpike Co., 9 Humph. (Tenn.) 304; Parish v. Wheeler, 22 N. Y. 494; Hagerstown Mfg. Co. v. Keedy, 91 Md. 430, 46 Atl. 965; Louisville Tobacco Whs. Co. v. Stewart, (Ky.) 70 S. W. 285.

The first, which may be termed the analytical method has the support of a number of decisions including the courts of California; the second is supported by the courts of New York, Missouri, Pennsylvania, Colorado, Georgia, Oregon, Wisconsin and

Minnesota.    The third rule is enunciated and unflinchingly sup-
ported by the courts of England, the Supreme Court of the United
States and the Supreme Court of Alabama, Iowa, Illinois, Mon-
tana, Massachusetts, New Hampshire,    Maryland,    Connecticut,
Tennessee, Texas, Vermont, Kentucky and Maine.    This rule is
that the powers of a corporation expressly granted in its articles
of incorporation, or necessarily. implied therefrom, are absolute
limits which it cannot pass, and every effort to transcend them is a
nullity, even though the ultra vires contract has been fully exe-
cuted on the part of the party who seeks to enforce it against the
corporation:

This manner of treating the question of ultra vires is well
illustrated in the line of cases of which Ehrman v. Union Cen-
tral Life Ins. Co., 35 Ohio St. 324, 337 ,and Miners' Ditch Co. v.
Zellerbach, 37 Cal. 543, are fair examples.

Our contention is that the act of Hughes and Brenn was
such that it could not be ratified either by the board of directors
or by the entire body of stockholders of the corporation.    An act
ultra vires is beyond the corporate powers, cannot validly be done
by the body corporate acting as such (i. e. through the vote of a
majority in a duly assembled meeting), nor can it be thus ratified.
For the majority have no authority by such an act or ratification
to bind absent or dissenting shareholders; and persons dealing
with the corporation are affected with knowledge of this.    The
majority cannot make a disposition of the corporate property un-
authorized by the constitution of the corporation.    Davis v. Old
Colony R. R., 131 Mass. 258; Lucas v. White Line Transfer Co.,
70 Iowa, 541.

We now pass to a consideration of the second rule or mode
of viewing ultra vires transactions.    It may be formulated in this
rule: when a corporation has made a contract beyond   its pow-
ers (ultra vires), and has performed its side of the contract, the
other contracting party cannot plead in an action on the contract
that it was ultra vires the corporation; nor, conversely, if the other
party has performed, and the corporation has had the benefit
of his performance, may the corporation plead that the contract
was ultra vires.

The rules which Bissell v. Mich. So. & N. Ind. R. R. Co., 22
N. Y. 258, and other cases in New York and elsewhere have tend-

ed to establish may be stated thus: If the corporation has performed the contract on its side the other contracting party cannot plead that the corporation was not authorized to make such a contract. This is held by such cases as Whitney Arms Co. v. Barlow, 63 N. Y. 62, Linkauf v. Lombard, 137 N. Y. 417, Union Water Co. v. Murphy's Fat Fluming Co., 22 Cal. 621, Hall Mfg. Co. v. American Supply Co., 48 Mich. 331. This rule does not seem to be open to objection. Such a person, having himself made the contract and received its benefit is clearly estopped from making any such allegation. This rule rests on the corporation's performance. It does not apply so long as the ultra vires contract remains executory on both sides. While that is the case neither party can compel the other party to perform.

We wish to call this court's attention to the fact that this rule as laid down in the cases of Bradley v. Ballard, 55 Ill. 419, and Darst v. Gale, 83 Ill. 36, does not now prevail in that state; the cases of Bradley v. Ballard, and Darst v. Gale, having been distinctly overruled in the late Illinois case of National Home Building & Loan Association v. Home Savings Bank, 181 Ill. 35. 64 L. R. A. 399.

According to the rules under discussion, the plea cannot be interposed by the party contracting with the corporation when the corporation has performed; and the reason for this lies not only in the estoppel with which, under the circumstances, such a person is affected, but in the following reason as well: That the transaction was ultra vires infringed none of his rights; he cannot, therefore, interpose the defense.

It may therefore be stated as a rule, that a person whose rights are in no way infringed by the fact that a given act is ultra vires a corporation, can found no action or defense on that fact. The following decisions sustain this view: Belcher Sugar Ref. Co. v. Elevator Co., 101 Mo. 192, 13 S. W. 822; Slater Woolen Co. v. Lamb, 143 Mass. 420; Ehrman v. Union Cent Life Ins. Co., 35 Oh. St. 324; Beecher v. Marquette Mill Co., 45 Mich. 103; Darst v. Gale, 83 Ill. 136; Small v. C. R. I. & P. R. R. Co., 55 Iowa, 582; Walsh v. Barton, 24 Oh. St. 28; Regan v. McElroy, 98 Mo. 349; Morgan v. Donovan, 58 Ala. 241; St. Louis Stoneware Co. v. Partridge, 8 Mo. App. 217; Mitchell v. Dakota Cent. Tel. Co., 127 N. W. 582.

It is also a well settled doctrine that ultra vires contracts when once fully executed will not be disturbed by the courts. Gilbert v. Hole, 49 N. W. 1.

The third view of the doctrine of ultra vires, which is held by the English courts, the federal of the United States, and of several states, following the decisions of the Supreme Court of the United States, and of several states, including Massachusetts, Illinois, Alabama, Maine, Maryland and Vermont, and other states, the cases from which we shall cite, is that a corporation cannot make a contract beyond its purposes and powers as defined and conferred by the Legislature creating it. Such a contract is simply a nullity; it cannot be ratified, nor can it, through performance on either side, or by the application of any principles of estoppel, become the foundation of a right of action upon the contract. Central Transportation Co. v. Pullman Palace Car Co., 139 U. S. 61; Pennsylvania R. Co. v. St. Louis, A. & T. H. Co., 118 U. S. 317; Central Trans. Co. v. Pullman's Palace Car Co., 139 U. S. 24; Oregon R. & Nav. Co. v. Oregonian R. Co., 130 U. S. 1; Pearce v. Madison R. R. Co., 21 Howard, 441; Pittsburgh C. & St. L. R. Co. v. Keokuk & H. Bridge Co., 131 U. S. 371; McCormick v. Market Nat. Bank, 165 U. S. 538; Thomas v. West Jersey R. Co., 101 U. S. 71; California Nat. Bank v. Kennedy, 167 U. S. 362; Concord Nat. Bank v. Hawkins, 174 U. S. 364; Robinson v. Southern Nat. Bank, 180 U. S. 295; Louisville Ry. Co. v. Louisville Tr. Co., 174 U. S. 552; Chemical Nat. Bk. v. Havemale, 120 Cal. 601; Ward v. Joslin, 186 U. S. 142; Humboldt Min. Co. v. Am. Mfg. Co., 10 C. C. A. 415; De La Vergne Ref. Co. v. German Sav. Inst., 175 U. S. 40; National B. & L. Ass'n. v. Home Sav. Bk., (Ill.) 54 N. E. 619; Best Brewing Co. v. Klassen, 185 Ill. 37; Fritze v. Equitable B. & L. Soc., 186 Ill. 83; Long v. Georgia Pac. R. Co., (Ala.) 8 So. 706; Steiner v. Steiner Land & Lumber Co., (Ala.) 26 So. 496; Kean v. Johnson, 9 N. J. Eq. 401; Mutual Bank v. Meriden, 24 Conn. 159; Franklin Co. v. Lewiston Int. for Savings, 68 Maine, 53; Western Md. Co. v. Blue Ridge Hotel Co., 102 Md. 307, 62 Atl. 351; Davis v. Old Colony R. R. Co., 131 Mass. 258; N. Y. Firemen Ins. Co. v. Ely, 5 Conn. 560, 13 Am. Dec. 100; Norton v. Derby Nat. Bank, 61 N. H. 589; Downing v. Mt. Washington Road Co., 40 N. H. 230; Simpson v. Building, etc.,

Assn., 38 Oh. St. 349; Brunswick Gas Light Co. v. United Gas Co., 85 Maine, 532; Willett v. Farmer's Sav. Bank, 107 Iowa, 69, 77 N. W. 519; Metropolitan Stock Exch. v. Lyndonville Nat. Bk., 76 Vt. 303, 57 Atl. 101; Green v. Middlesborough Town, etc., Co., (Ky.) 89 S. W. 228; Deaton Gro. Co., v. International Har. Co., (Tex.) 105 S. W. 556; In re Mutual Guaranty Fire Ins. Co., 107 Ia. 143, 77 N. W. 868; Scott v. Bankers' Union, (Kans.) 85 Pac. 604; Tennessee Ice Co. v. Raine, (Tenn.) 64 S. W. 29; Buckeye Marble & Freestone Co. v. Harvey, 92 Tenn. 116; Franklin Nat. Bk. v. Whitehead, 149 Ind. 560, 49 N. E. 593.

The contract in this case is ultra vires under the articles of incorporation of appellant, with the contents of which respondent was charged with constructive notice. Zabriskie v. Cleveland C. & C. R. Co., 23 How. 381, 389, 16 L. Ed. 488.

In dealing with the corporation respondent was chargeable with notice of its powers contained in its corporate constitution, and cannot be heard to plead ignorance of what its corporate powers are. Central Co. v. Pullman Co., 139 U. S. 24; Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 338-339; Art. 17, Sec. 7, Constitution of South Dakota.

*Hayes & Heffron,* for Respondent.

Contract is definite as to time.

Under this contract it was contemplated that the appellant should furnish the water to respondent permanently for use on his farm. Respondent had a farm of 580 acres on which the water could be used permanently to advantage, the canal of appellant was to be a lasting improvement of considerable size, carrying a large volume of water through the farm.

This contract was written upon the back of the deed for the simple reason that there was not room on the blank for it elsewhere, and was understood by the parties to constitute a part of the deed as fully as though in the body thereof.

Rights to the use of water or water rights are classed as real property and pass by deed. This warranty deed conveyed in fee the strip of land to appellant company, and the contract provided for the transfer to respondent in exchange therefor, of real property of another character, viz.: the use of 125 miner's inches of water, of like unlimited duration.

The strip of land was taken by the appellant corporation burdened with the servitude or easement permanent in character of furnishing the water. The burden goes with the benefits acquired. Civil Code, Nos. 267 & 268; Calif. Clyne v. Benicia Water Co., 34 Pac. 714, 100 Cal. 310; Flickinger v. Shaw, 11 L. R. A. 134, 87 Cal. 126, 22 A. S. R. 234, 25 Pac. 268; Calif. Blackenship v. Whaley, 57 Pac. 79; Calif. Combs v. Slayton, 26 Pac. 661; Cal. Hewitt v. San Jacinto, P. V. I. Dist., 56 Pac. 893; Iowa. Ottumwa R. Co. v. McWilliams, 32 N. W. 315. Contract for right-of-way in general, over a farm, enforced as definite. Warner v. Marshall, 75 N. E. 582; Colo. McLure v. Koen, 53 Pac. 1058; Calif. Standard v. Water Co., 19 Pac. 689, 77 Cal. 399.

A water right acquired for the irrigation of land is an appurtenance to the land, and passes with a conveyance of the realty without being specifically mentioned. Wyo. Frank v. Hicks, 4 Wyo. p. 502, 35 Pac. 475-1025; Wyo. Johnson v. Little Horse Creek Ir. Co., 79 Pac. 26, 70 R. A. 344.

"A transfer vests in the transferee all the actual title to the thing transferred which the transferor then has, unless a different intention is expressed or necessarily implied." Civil Code, par. 935.

The interest in water is in its nature permanent, an interest in real estate. Calif. Stanislaus Water Co. v. Bachman, 152 Cal. 716, 93 Pac. 858, 15 L. R. A. (N. S.) 359; Wis. Inglis v. Dahey, 116 N. W. 857; S. D. First National Bank v. Spear, 80 N. W. 166.

"In the absence of fraud or mistake the function of extrinsic evidence in aid of a contract of this character is not to supply omissions or cure defects which render the same fatally uncertain as to an element so essential as the names of the contracting parties whose minds must meet, and the use of oral testimony is limited by the general rule applicable to the interpretation of other written instruments." S. D. Chambers v. Roseland, 112 N. W. 148.

The understanding was clear, definite and certain. Mr. Dorsett was making an absolute present transfer of the strip through his farm. In three years he was to be benefited either by the construction of the trolley line in his vicinity or the giving

to him of 125 miner's inches of water for use on his farm. In the event the trolley was not built he was to have this water, at the end of three years, in exchange for the strip of land conveyed. The Traction Company got his land absolutely, and was to give him without restriction or limitation 125 miner's inches of water. The testimony shows that he had at that time 300 acres of land on which the water could be advantageously used. (Trans. pp. 133 & 134). There was no thought in the mind of any of the parties to this contract of limiting either the estate conveyed by the warranty deed or the use of the water. At Dorsett's farm, in the presence of a notary, the parties agreed upon the simple thing they had in mind, and reduced it in terse terms to writing.

The contract was sufficiently definite as to the place of delivery of the water. It was made on the farm, in actual presence of the surveyed line of the ditch and of the land to be irrigated. There was the proposed ditch; here was the land. Dorsett owned the farm. The water was to be given from the ditch. Mr. Brenn testified that the water was to be taken out on the Dorsett farm at a suitable point. This was the understanding of all parties.

The particular point at which the water may be turned out of the canal is, as a practical matter, immaterial. Any place is a suitable place if the Traction Company can make up its mind to release it. Redwater Land and Canal Company v. Jones, 130 N. W. p. 85 (S. D.).

(a) This not a service contract. (b) It is enforcible in equity in any event whether a servitude or an interest in real property.

Contracts such as this have been enforced in equity at least in this western country at all times.

Courts of equity are frequently called upon to decree the specific performance of contracts relative to the delivery of water. Water is held to be real property on one hand and on the other to be appurtenant to the lands on which it is to be used, and a decree of specific performance is almost, if not quite, as final in such a case as it would be were the subject matter a 40-acre tract. We asked the court to decree to the plaintiff the water. The incidentals will take care of themselves. Wiel on Water Rights, 3d Ed., paragraph 655, p. 730; Calif. Clyne v.

Benecia Water Co., 100 Calif. 310, 34 Pac. 714, supra; Calif. Stanislaus Water Company v. Bachman, 152 Cal. 716, 93 Pac. 858, 15 L. R. A. (N. S.) 359, supra, Leavitt v. La. Irr. Co., 157 Calif. 82, 106 Pac. 404; Wiel on Water Rights, 3d Ed., chapter 57, being paragraphs 1338 to 1346; Calif. Perrine v. San Jacinto Valley Water Co., 4 Calif. Appeal 376, 88 Pac. 293.

"Personal covenants or agreements bestowing benefits and imposing restrictions upon the use of land, may be enforced in equity." (Purchase of water right by irrigator). Calif. Hunt v. Jones, 149 Cal. 297, 86 Pac. 688; Colo. Wyatt v. Larimer & Weld Irr. Co., 18 Colo. 298, 36 A. S. R. 280, 33 Pac. 144.

The rule against enforcing contracts requiring continuous acts in modern practice has many exceptions.

"While the prevailing doctrine is as stated (against decreeing performance of continuous acts requiring protracted supervision) the modern extension of equity jurisprudence has developed many exceptions to the general rule. The tendency seems now to be to decree specific performance, even though the contract does call for a succession of acts, where the remedy at law is clearly inadequate, and a great unjustice would be done if the contract were not performed." 2 Am. Eng. Ency.; Vol. 26, p. 95; Pomeroy's Equitable Remedies, Pars. 760 and 761; 36 Cyc. p. 585; N. J. Wharton v. Stoutenburgh, 35th N. J. Eq., p. 255, in particular 277.

"If a complaint states a good and sufficient contract for specific performance, a demurrer cannot be sustained on the ground that the contract is one the supervising of the performance of which the court cannot undertake because of difficulties. The court will not on demurrer undertake to decide the extent to which it will undertake to supervise the performance of the contract." N. Y. Standard F. Co. v. Siegel Cooper, 68 Am. State Reports, p. 749; N. Y. Goddard v. American Queen, 61 N. Y. S., p. 123; Jones v. Parker, (Mass.) 40th N. E., p. 1044; Cal. Flickinger v. Shaw, 11 L. R. A. 134, 25 Pac. 268, supra; Fed. Castle Creek Water Company v. City of Aspen, 146 Federal, 8; Va. Grubbs v. Starky, 20 S. E. 784; U. S. Sup. Ct. U. P. v. Rock Island, 163 U. S., p. 564, 41 Law Edition, p. 265; Pom., Eq. Rem. No. 111; Ia. Burlington v. Water Company, 53 N. W. 246; Mont. Smith v.

Deniff, 24 Mont. 20, 81 A. S. R. 408; La. New Orleans v. Board of Education, 15 So. 161; Lawrence v. Saratoga R. Co., 36 Hun 475; Mich. Blanchard v. Railway Company, 31 Mich. 43; Civil Code, Par. 2341.

The right to the water forms one of the considerations for this land. There is no question of forfeiture.

The written contract reads: "As a further and necessary consideration," the trolley shall be built or the water furnished. The obligation is in the alternative. Civil Code, 1129.

There is no question of forfeiture here. The appellant company has the land deeded, elects to retain it, and refuses to render the stipulated considerations, or either of them.

Appellant having received the full benefit of the contract, is estopped to plead ultra vires. 10 Cyc. pp. 1139, 1156 and 1158; Dak. Sioux Falls Bank v. First National, 6 Dak., p. 113; Dak. Neilsville Bank v. Tuthill, 4 Dak. 295, pp. 300-301; N. D. Tourtelat v. Whithed, 84 N. W., p. 8, p. 13; N. D. Clark v. Olson, 83 N. W., pp. 525-6; Wis. Bullen v. Milwaukee Trading Co., 85 N. W. pp. 115-117; Wis. Eastman v. Parkinston, 113 N. W. p. 649; Wis. Lewis v. Am. Savings & Loan Assn., 39 L. R. A., p. 567; U. S. Eastern B. & L. Assn, v. Williamson, 47 L. Ed., pp. 735-741.

This corporation, under its articles, had power to dispose of any of its properties. Folio 222, p. 74, Appellant's Brief, Par. XI.; Chapter 107, Laws of 1903, Par. 8, Subd. 4.

Appellant is estopped by retaining the benefits of this contract to plead inadequacy of consideration. Section 2345, Civil Code; Cal. Meridian Oil Co. v. Dunham, 90 Pac., p. 469; Cal. Nicholson v. Tarpey, 70 Cal. 608, 12 Pac. 778.

Accepted consideration is deemed adequate. Pomeroy Eq. Juris. (3d Ed.) Vol. 2, Par. 926; Waterman on Specific Performance, Par. 181 and 182; Am. and Eng. Enc. Law, 2d Ed., Vol. 26, pp. 26, 27 and 28; 36 Cyc., p. 609.

In the case of Phelan v. Neary, (S. D.) 117 N. W. 145, an attempt had been made to enforce an executory contract unfair in its nature, made with a woman. There was no question of estoppel or acceptance of consideration. The contract was invalid, and no new rule is stated in this case. S. D. Lathrop v. Marble, 81 N. W. 885; N. Y. Woodcock v. Bennett, 1st Cowan,

p. 711, Syl. Text, p. 733; U. S. Sup. Ct., Eyre v. Potter, 14 L. Ed., p. 592 Text, p. 600; Cal. Wait v. Kern River Co., 106 Pac. 98-102.

So far as appellant is concerned, the plea is one of ultra vires and appellant is estopped by accepting the benefits of the contract. S. D. City of Mitchell v. Tel. Co., 127 N. W. 584; 10 Cyc. pp. 1156-7-8; 10 Cyc. p. 1068; 10 Cyc. p. 1164; Minn. State v. Minnesota Thresher Mfg. Co., 40 Minn. 213, 41 N. W. 1020, 3 L. R. A. 510.

As this contract provides for the conveyance of a water right, an interest in real property, it cannot be held personal. Estates in real property, if perpetual, are estates of inheritance. Civil Code, Par. 241.

If an incorporeal hereditament, or a servitude, it has still an inheritable character. Wiel on Water Rights, 3d Ed., pp. 303 and 304.

"Where by the construction of the grant it fairly appears that it was the intention of the parties to create or reserve an easement appurtenant to the grantor's remaining land and not merely a personal right for the life of the grantor, the court will give effect to that intention no matter in what language it may be expressed." 14 Cyc., p. 1065; Minn. Lidgerding v. Zignego, 80 N. W., p. 360.

"Words of inheritance or succession are not requisite to transfer a fee in real property." Civil Code, Sec. 934; N. J. L. Hagerty v. Lee, 54 N. J. L., p. 580, 25 Atl., p. 319, 20 L. R. A., p. 631; Conn. Chappell v. N. Y. N. H. R. Co., 17 L. R. A., p. 420; Ia. Teachout v. Capital Lodge, I. O. O. F., 104 N. W., p. 440; Mich. Lathrop v. Elsner, 93 Mich., p. 599, 53 N. W., p. 791; N. Y. Borst v. Empire, 5 N. Y., p. 33.

McCOY, P. J. Plaintiff, by his last-amended complaint, in substance alleged that on and prior to May 29, 1905, the defendant had surveyed and definitely located a line or route along the Redwater river in Butte county for the purpose of constructing a canal for carrying water for the purpose of generating electric power and light, and of utilizing the electricity in the operation of a trolley or electric railway; that for more than a half mile the said line or route for canal crossed the farm and lands of plain-

tiff; that at said time the defendant, by its officers and agents agreed with plaintiff that defendant would build, complete, and operate a trolley or electric line of railway along said route from Spearfish to Belle Fourche, and extend the same into Lawrence county, and that, if said trolley line had been so constructed according to said agreement, it would have been of great use and benefit to plaintiff, and enhanced the value of plaintiff's lands; that on the 29th day of May, 1905, plaintiff and defendants, by its duly authorized officers and agents, entered into an oral contract whereby plaintiff deeded to defendant a strip of land 100 feet in width across his land in consideration that defendant would construct said canal and build and operate said trolley line of railroad within three years, and that, in case defendant failed to so construct and build said canal and trolley line within said time, defendant would reconvey said strip of land to plaintiff, or that, in case of the completion of said canal by defendant and the failure to build or operate said railway within the time aforesaid, the defendant would then furnish and give permanently to plaintiff from said canal, at a suitable place on said strip of land, 125 miner's inches of the water thereof free of cost to plaintiff for use on said farm; that, in pursuance of said agreement, plaintiff did on said date, in writing, deed to defendant said strip of land, which deed also contained the provision that, in case said defendant constructed said canal, but failed to construct and operate said railway, then defendant would give and furnish to plaintiff 125 miner's inches of water from said canal free of cost to plaintiff; that defendant has constructed said canal and utilizes the same for generating electricity for light and power, but has failed to construct or operate any part of said railway, and that more than three years have elapsed since the making if said agreement, and plaintiff has demanded said water, and defendant has at all times refused to give or furnish 125 miner's inches of water, or any part thereof, to plaintiff; that defendant took possession of said deed and recorded the same, and took possession of said strip of land so deeded to it by plaintiff, and ever since his been and now is in the exclusive possession, use, and enjoyment thereof, and is now conveying more than 5,000 miner's inches if water through the canal thereon. Plaintiff, among other things, prayed judgment that defendant specifically perform said contract and agree-

ment on its part, and that defendant be required to give and furnish permanently to plaintiff from said ditch said 125 miner's inches of water, and that plaintiff's title to said 125 miner's inches of water, and the right to use the same permanently, be quieted, and plaintiff be decreed the owner thereof. Defendant demurred to said complaint on the ground that the same did not contain facts sufficient to constitute a cause of action, which demurrer plaintiff demurred on the ground that the same did not contain a sufficient statement of fact to constitute a defense, which demurrers were sustained. Trial was had on the issues presented by the remaining portions of the answer, and findings and judgment rendered in favor of plaintiff requiring defendant to give and furnish to plaintiff said 125 miner's inches of water. Defendant appeals, alleging various errors.

[1, 2] The first assignment of error relates to the overruling of defendant's demurred to plaintiff's last amended complaint. It is contended by appellant, first, that the contract set out in the complaint is too indefinite and uncertain to be specifically enforced; second, that the contract requires the continuous exercise of duties, continuous exercise of personal service, skill, and judgment, and that the constant supervision thereof by a court of equity to enforce its decree; and, third, that the said contract involves a forfeiture. We are of the opinion the demurrer was properly overruled. The plaintiff's right to said 125 miner's inches of water from said canal is in the nature of a perpetual easement and is sufficiently described according to the allegations of the complaint. The right to this amount of water from said canal is the purchase consideration or price for the title to said strip of land according to the terms of the contract.

[3] Under the allegations of the complaint, whether the contract was in writing or oral, specific performance would have been proper, because there had been such part performance as would justify specific performance of an oral contract. Plaintiff on his part has performed by the execution and delivery of the deed and surrendering of possession of the strip of land. Defendant had performed on its part by accepting the deed and taking possession of the land, constructing the canal thereon, and conveying the water therein. The principle involved in this case is very similar to that of Lothrop v. Marble, 12 S. D. 511, 81 N. W. 855, 76

Am. St. Rep. 626; section 1311 Civil Code. It will be observed that this assignment of error, seeking to review the sufficiency of said contract as to uncertainty and indefiniteness, is based upon the allegations of the second amended complaint. The evidence and findings of fact are not questioned by this assignment of error, which is based solely upon the allegations of the complaint.

[4] Appellant further contends that said contract to furnish water to respondent for irrigation purposes was an act ultra vires of the corporation, and therefore a nullity and void. We are of the opinion this contention is not tenable. "The great mass of judicial authority seems to be to the effect that when a private corporation has entered into a contract in excess of its granted powers, and has received the fruit or benefits of the contract, and an action is brought against it to enforce the obligation on its part, it is estopped from setting up the defense that it had no power to make it. The principle is that the rule requiring good faith and fair dealing is just as applicable to corporations as to individuals, and that neither can involve others in onerous engagements, and, with the consideration of the contract in their possession, disavow their acts to the damage and discomfiture of others, unless it clearly appears that there has been an absolute want of capacity to make the contract. The simplest illustration of this doctrine will be found in cases where the corporation has acquired money or property by means of a contract in excess of its powers, and then, when the other party to the contract seeks to enforce against the corporation the obligation which it has assumed therein, pleads that it had no power to enter into the contract, and at the same time keeps the money or the property." 10 Cyc. 1157-1158. The foregoing language of the learned author meets with our approval as being directly applicable to this case. Thompson, Com. on Corporations, §§ 8318-8321; Sweeney v. United Underwriters Co., 137 N. W. 379.

Finding no error in the record, after a consideration of each and every assignment of error, the judgment appealed from is affirmed.